# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | No. 1:15-cr-0168 |
| v. | : | |
| | : | (Judge Kane) |
| TAMIR JALIL SPIVEY, | : | |
| Defendant | : | |

## MEMORANDUM

### I. BACKGROUND

Tamir Jalil Spivey ("Defendant"), an inmate presently confined at the Allenwood Federal Correctional Complex, filed the instant motion for time served (Doc. No. 53), which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Bureau of Prisons ("BOP") credit 571 days toward his 120 month federal sentence. Defendant was sentenced in Franklin County, Pennsylvania on March 18, 2015 to time served (107 days) to 23 months' imprisonment for failing to appear for sentencing on two counts of driving under the influence. (Doc. No. 55 at 2.) He was paroled on June 16, 2015. (Id.)

On August 12, 2015, a three-count federal Indictment was filed against Defendant, charging him with three counts of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1.) Defendant's state parole was revoked on June 2, 2016 and he was ordered to serve the balance of the original state sentence. (Id.) On July 18, 2016, Defendant was reparoled to the federal detainer. (Id.) Defendant pled guilty to Count 1 of the federal Indictment pursuant to a written plea agreement on October 12, 2016 (Doc. Nos. 27, 37-40), and on April 18, 2017, this Court sentenced Defendant to the mandatory minimum sentence of 120 months' imprisonment (Doc. No. 50).

Defendant filed the instant motion/petition pursuant to 28 U.S.C. § 2241 on October 23, 2017. (Doc. No. 53.) On September 20, 2018, the Court ordered the Government to show cause why Defendant's motion/petition should not be granted. (Doc. No. 54.) The Government filed an oppositional brief on October 4, 2018, arguing that the Court should deny Defendant's motion because Defendant has the ability to challenge his time credit through the BOP's Administrative Remedy Program and because Defendant's credit for time served has been appropriately calculated. (Doc. No. 55.)

## II. DISCUSSION

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied, 510 U.S. 920 (1993).

Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Because Defendant alleges that the BOP failed to properly calculate his federal sentence, this matter is properly asserted under § 2241. See Johnson v. Ebbert, No. 3:cv-15-1284, 2017 WL 90371, at *2 (M.D. Pa. Jan. 10, 2017). However, it is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a

writ of habeas corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice attributable thereto"); see Arias v. United States Parole Comm'n., 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds"). The burden is on the petitioner to prove that he exhausted administrative remedies. Meyers v. Martinez, 427 F. App'x 125, 127 (3d Cir. 2011) (citing Coady v. Caughn, 251 F.3d 480, 488 (3d Cir. 2001)). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion of administrative remedies is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

The Bureau of Prisons ("BOP"), has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10, et seq. Generally, an inmate must first present his complaint to staff in an attempt to informally resolve the matter. Id. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written remedy with the warden. Id. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may then file an appeal to the Regional Director. Id. § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be

appealed to the General Counsel (Central Office). (Id.) The Central Office decision is the final level of administrative review. (Id.). No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, No. 08-1811, 2008 WL 2736782, at *3 (3d Cir. July 15, 2008).

In the instant case, Defendant admits on the face of his petition that he has not exhausted his administrative remedies. (Doc. No. 53 at 2, 3.) Indeed, it appears that Defendant has not filed a grievance regarding the BOP's alleged miscalculation of his time served but rather, has chosen to evade the administrative remedy process and proceed directly with the instant habeas petition. Accordingly, because Petitioner has not exhausted his administrative remedies and has not shown that the failure in pursuing such administrative relief should be excused, as a threshold matter, the Court will deny the motion/petition.

Assuming, arguendo, that Defendant had exhausted his administrative remedies, the Court would deny his request. The Government contends that when rendering Defendant's sentence in this case, the Court stated that he should receive credit for time served "on this case." (Doc. Nos. 55 at 4; 49.) The Government maintains that this means that Defendant should receive credit for time served from the date he was paroled from the federal detainer (July 18, 2016), until the day he was sentenced by this Court (April 18, 2017), which is approximately 274 days and the number of days already calculated and credited by the BOP. (Doc. No. 55 at 4.) This contention is accurate.

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). The

4

BOP's decision is subject to judicial review under 28 U.S.C. § 2241. Id.; see also United States v. Brann, 990 F.2d 98, 2013-04 (3d Cir. 1993). In addressing any sentencing computation issue, the following two considerations must be addressed: (1) when the federal sentence begins and (2) the time to be credited for custody prior to commencement of the federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. Feb. 1, 1999), aff'd 100 F.3d 946 (3d Cir. 1996).

The commencement of a federal sentence is governed by 81 U.S.C. § 3585(a), and prior custody credit is governed by 18 U.S.C. § 3585(b). Section 3585(a) provides as follows:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The jurisdiction which first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 40, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 621. Further, it is well established that a federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); U.S. v. Labeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998).

In the instant matter, Defendant's federal sentence commenced on April 18, 2017, the date it was imposed. (Doc. No. 50 at 2.) However, because Defendant was paroled from the federal detainer on July 18, 2016, the Court concluded that Defendant should receive credit for time served "on this case"; that is to say, from July 18, 2016 to April 18, 2017, the date on which his sentence was imposed. (See Doc. Nos. 49, 50.) The Court can discern no reason, and Defendant has not provided any, why he should receive credit for time served on an unrelated

5

case from Franklin County, Pennsylvania.  Consequently, Defendant's motion/petition for time served will be denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for time served (Doc. No. 53), construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, will be denied.  An appropriate order follows.